SEA25809 Summons Iss.

___ FILED   ___ ENTERED
___ LODGED  ___ RECEIVED

APR 08 2009  JS

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY_____DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MICROSOFT CORPORATION, a Washington corporation,<br><br>        Plaintiff,<br><br>v.<br><br>BINH "ERIC" MAI and JANE DOE MAI, and the marital community composed thereof; CUONG HUY MAI and JANE DOE MAI, and the marital community composed thereof; LOUIS FAGEOL and JANE DOE FAGEOL, and the marital community composed thereof; and ATCCOMPUTERS.COM, LLC;<br><br>        Defendants. | No. **C09 0474** RAS<br><br>COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF<br><br><br><br>09-CV-00474-CMP |

Plaintiff Microsoft Corporation ("Microsoft") brings this action against BINH "ERIC" MAI, CUONG HUY MAI and LOUIS FAGEOL, along with their spouses and marital communities, and ATCCOMPUTERS.COM, LLC ("defendants").

### I. JURISDICTION AND VENUE

1.  This is a Complaint for an injunction, damages and other appropriate relief to remedy defendants' scheme of deceitfully obtaining and improperly reselling Microsoft's Academic Edition software products. Through their scheme, defendants improperly obtained and improperly resold thousands of copies of Microsoft software defendants obtained through

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 1

**ORIGINAL**

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

participation in the Microsoft Authorized Education Reseller Program. These academic versions of software, obtained by defendants at a significant discount, were to be distributed only to qualified students, educational faculty and staff members. Instead, defendants sold them to retail customers at significant profit.

2. In this action, Microsoft asserts claims for breach of contract, fraud, rescission, and other tort claims, and seeks return of the software, disgorgement of proceeds from defendants' sales, damages and attorneys' fees, in addition to injunctive relief.

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

4. The Court has personal jurisdiction over defendants, who have engaged in business activities in and directed to Washington, have committed a tortious act within the state, and have purposefully availed themselves of the opportunity to conduct commercial activities in this forum.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a), because substantial part of the events or omissions giving rise to the claims pled herein occurred in the Western District of Washington.

## II. THE PARTIES

6. Plaintiff Microsoft is a Washington corporation with its principal place of business in Redmond, Washington.

7. Defendant BINH "ERIC" MAI is an individual who, upon information and belief, resides in San Diego, California. All acts of Binh "Eric" Mai alleged herein were undertaken on behalf of himself and on behalf of the marital community composed of himself and defendant Jane Doe Mai. Binh "Eric" Mai is the CEO of the business known and operated as "ATC Computer.com" and is an officer of ATCCOMPUTERS.COM, LLC.

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

8. Defendant CUONG HUY MAI is an individual who, upon information and belief, resides in San Diego, California. All acts of Cuong Huy Mai alleged herein were undertaken on behalf of himself and on behalf of the marital community composed of himself and defendant Jane Doe Mai. Cuong Huy Mai is the President of the business known and operated as "ATC Computer.com" and is an officer of ATCCOMPUTERS.COM, LLC.

9. Defendant LOUIS FAGEOL is an individual who, upon information and belief, resides in San Diego, California. All acts of Louis Fageol alleged herein were undertaken on behalf of himself and on behalf of the marital community composed of himself and defendant Jane Doe Fageol. Louis Fageol is an officer of the business known and operated as "ATC Computer.com" and is an officer of ATCCOMPUTERS.COM, LLC.

10. Defendant ATCCOMPUTERS.COM, LLC is a California limited liability company, which does business as "ATC Computers.com."

11. The actions alleged herein to have been undertaken by defendants were undertaken by each defendant individually, were actions that each defendant caused to occur, were actions that each defendant authorized, controlled, directed, or had the ability to authorize, control or direct, and/or were actions in which each defendant assisted, participated or otherwise encouraged, and are actions for which each defendant is liable. Each defendant aided and abetted the actions of the defendants set forth below, in that each defendant had knowledge of those actions, provided assistance and benefited from those actions, in whole or in part. Each of the defendants was the agent of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and with the permission and consent of other defendants.

### III. MICROSOFT'S "AUTHORIZED EDUCATION RESELLER" PROGRAM

12. Microsoft is in the business of, among other things, producing and distributing software and other computer solutions to customers. As part of its support for education,

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Microsoft permits qualified educational users to obtain special discounts on boxed, retail versions of Microsoft software. These educational users may obtain, at substantial discount, Academic Edition full packaged product ("FPP"). The Academic Edition FPP is the same powerful, fully-functional software as the regular retail version. The only differences are the Academic Edition label and the discount price.

13. Academic Edition FPP is distributed only through channels authorized by Microsoft. One primary means of distribution is through software retailers who are qualified as a Microsoft Authorized Education Reseller ("AER"). Microsoft AERs are specially trained and authorized to sell Academic Edition software to qualified educational users. AERs obtain Academic Edition FPP from Microsoft's authorized distributors at substantial discounts, and are required to distribute Academic Edition FPP only to qualified education users.

14. Enrollment in the Microsoft Authorized Education Reseller program requires certain express representations and acceptance of the Microsoft Authorized Education Reseller Agreement (the "AER Agreement"), as well as the provision of certain identification and qualification data.

15. The AER program requires that Academic Edition FPP be provided only to qualified educational users for personal use only, and limits the frequency of sales to any one educational user. Paragraph 3 of the AER Agreement specifies:

> You are authorized to distribute AE Product only to Qualified Educational Users (QEUs) for their end use but not for such QEUs to resell. You shall not distribute more than one (1) copy of each AE Full Packaged Product to any individual end user in any twelve (12) month period. You shall comply with all other requirements concerning the distribution of AE Product that may be established by Microsoft as part of the AER program from time to time.

16. The AER program requires that AERs are responsible for validating and recording proof that a purchaser is a qualified educational user. Paragraph 2 of the AER Agreement also specifies:

> You are fully responsible for validating QEU eligibility prior to any

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

distribution of AE Product. QEU status validation must be via either (a) a valid academic purchase order or (b) proof of qualifying enrollment or employment in the case of distribution to QEUs who either are students enrolled at an educational institution or are faculty or staff employed by an educational institution. Proof of qualifying enrollment or employment must be by an original or copy of either a current identification card from the educational institution or other official document (or electronic confirmation) from the educational institution verifying that the individual is an enrolled student or is employed by the institution at the time of purchase.

17. The AER program establishes limitations on an AER's marketing of Academic Edition software, and prohibits the marketing of Academic Edition software to the general public. Paragraph 6 of the AER Agreement specifies:

> If You market AE Product, You shall do so only in catalogues or direct mail to QEUs (and/or their parents or legal guardians if the QEU is a minor) or in publications dedicated to QEUs-only (and/or their parents or legal guardians if the QEU is a minor). You shall not market AE Product or otherwise promote and advertise AE Product availability to the general public. However, You may market AE Product via the world wide web, in which case You shall do so in accordance with Microsoft's AER Internet Promotion Usage Guidelines, which may be found at http://members.microsoft.com/aerprogram or such other location as Microsoft may designate. In addition, You shall not display AE Product in a retail setting unless your primary line of business is education sales.

18. Under the AER program, Microsoft is entitled to undertake periodic inspections of an AER's books and records to audit an AER's compliance with program requirements. Paragraph 8 of the AER Agreement specifies:

> <u>Compliance Verification.</u> During the Term and for two (2) years after its termination or expiration, You must keep all usual and proper books and records relating to your performance of this Agreement, including but not limited to, distribution of all AE Product.
>
> During the same period, Microsoft's audit team, which may include third-party auditors to assist, may conduct audits, at Microsoft's cost, of such books and records reasonable to verify your compliance with this Agreement. Any audit will be conducted with reasonable notice during your normal business hours and in a manner that does not interfere unreasonably with your normal business activities.

19. In the event an AER distributes product to anyone other than qualified education users or otherwise breaches the AER Agreement, the AER is required to "reimburse

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

Microsoft for the difference between the estimated retail prices for all AE Products so distributed and the estimated retail price for non-AE Product versions of the same product or license titles, without prejudice to any of Microsoft's other legal or equitable rights or remedies."

## IV. DEFENDANTS' UNLAWFUL CONDUCT

20. Defendants have engaged in a scheme to defraud Microsoft and to obtain thousands of copies of Microsoft's Academic Edition FPP software which, upon information and belief, defendants have then sold at retail to members of the general public and other unqualified purchasers.

21. In order to accomplish their fraudulent scheme, defendants knowingly made false and misleading representations to Microsoft, registered multiple times to for the AER program, and executed the AER Agreement.

22. Defendants first applied for the AER program and executed the AER Agreement on or about February 28, 2005. Defendants executed the AER in succeeding years, on or about the following dates: January 2, 2007, January 17, 2008, and November 11, 2008.

23. Each time defendants applied for the AER program and executed the AER Agreement, they represented that:

   a. They were acquiring the services and program materials for sale to qualified education users only in compliance with the AER program;

   b. They had completed the necessary training to become an AER; and

   c. The software they received would not be resold, transferred or assigned to any third party other than a qualified education user.

24. The foregoing representations were false, and were knowingly made by defendants to deceive Microsoft into providing defendants with thousands of copies of Microsoft's Academic Edition FPP software.

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

25. To perpetuate their scheme, defendants intentionally failed to advise Microsoft of their true intentions and other materials facts. Among other things, defendants failed to reveal:

    a. That they had no intention of abiding by the terms governing the use and distribution of the software, and had not previously abided by those terms;

    b. That they had established a business to commercially distribute, and were in the process of commercially distributing, the software to the general public;

    c. That they had no intention of validating the eligibility of the software purchasers, and had previously not validated such eligibility;

    d. That they had no intention of recording proof that a purchaser was a qualified educational user, and had historically never recorded such proof; and

    e. That they had no intention of abiding by the program limitations on marketing Academic Edition software, and historically had been marketing Academic Edition software to the general public.

26. After enrolling in the AER program, defendants placed orders and obtained thousands of copies of Academic Edition FPP software at discounted prices. Defendants marketed this software to the general public and other unqualified purchasers in violation of the AER Agreement and, upon information and belief, sold the software to unqualified purchasers, failed to validate and record proof that purchasers were qualified educational users, and took other actions in violation of the AER Agreement.

27. Microsoft is informed and believes, and on that basis alleges, that defendants have made substantial profits through their scheme.

28. Since July 1, 2008 defendants have acquired at least 14,542 copies of Academic Office Pro software, at a discount of over $5 million from retail price. Defendants have also acquired significant quantities of other Academic Edition FPP software at discounted prices.

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

By distributing that software to unqualified purchasers and otherwise breaching the AER Agreement, defendants are liable to Microsoft for this discounted amount.

29. Defendants have refused to permit Microsoft access to their books and records, and have refused to allow Microsoft to audit their compliance with the AER requirements. Despite their purported agreement to permit Microsoft to conduct an audit on March 24, 2009, defendants abandoned their physical location, absconded with all remaining software products, and failed to provide Microsoft with contractually required access to their records.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

30. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 29 above.

31. By registering for the AER program and by subscribing to the AER Agreement defendants entered into binding contracts with Microsoft.

32. By the actions alleged above, defendants have breached the terms of the AER Agreement and the license agreements accompanying the Academic Edition FPP software.

33. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial, but no less than $5,000,000.

34. Defendants' actions entitle Microsoft to damages, the return of all software provided to defendants, to restitution for the value of such software that is not returned, and to disgorgement of all proceeds obtained through or as a result of defendants' unauthorized sale or transfer of the software.

35. Microsoft is entitled to appropriate injunctive relief requiring defendants to assemble and return the software, precluding defendants from enrolling in any Microsoft program in the future, requiring defendants to provide an accounting of all software products,

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

sales and transfers, and requiring defendants to make available to Microsoft all books and records relating to the sale or disposition of all software provided under the AER program.

## SECOND CLAIM FOR RELIEF

(Conversion)

36. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 35 above.

37. Defendants have willfully interfered with and converted Microsoft's property, without lawful justification, as a result of which Microsoft has been deprived of possession and use of its property.

38. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

(Fraud)

39. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 38 above.

40. Defendants, knowingly and with intent to deceive, made false and misleading material representations of existing fact to Microsoft, and knowingly omitted material facts which were required to make their representations truthful, intending that Microsoft would rely upon them. Microsoft was unaware of the falsity of these representations, and rightfully relied on these representations to its detriment.

41. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

42. Defendants' actions entitle Microsoft to damages, to the return of all software provided to defendants, to restitution for the value of such software that is not returned, to

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE (206) 623-7580
FACSIMILE: (206) 623-7022

disgorgement of all proceeds obtained through or as a result of defendants' unauthorized sale or transfer of the software.

43. Microsoft is entitled to appropriate injunctive relief requiring defendants to assemble and return the software, precluding defendants from enrolling in any Microsoft program in the future, requiring defendants to provide an accounting of all software products, sales and transfers, and requiring defendants to make available to Microsoft all books and records relating to the sale or disposition of all software obtained under the AER program.

## FOURTH CLAIM FOR RELIEF

(Negligent Misrepresentation)

44. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 43 above.

45. Defendants, negligently made false and misleading material representations of existing fact to Microsoft, and negligently omitted material facts which were required to make their representations truthful, intending that Microsoft would rely upon them. Microsoft was unaware of the falsity of these representations, and rightfully relied on these representations to its detriment.

46. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

47. Defendants' actions entitle Microsoft to damages, to the return of all software provided to defendants, to restitution for the value of such software that is not returned, and to disgorgement of all proceeds obtained through or as a result of defendants' unauthorized sale or transfer of the software.

48. Microsoft is entitled to appropriate injunctive relief requiring defendants to assemble and return the software, precluding defendants from enrolling in any Microsoft

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

program in the future, requiring defendants to provide an accounting of all software products, sales and transfers, and requiring defendants to make available to Microsoft all books and records relating to the sale or disposition of all software provided under the AER program.

## FIFTH CLAIM FOR RELIEF

(Fraud in the Inducement)

49. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 48 above.

50. Defendants, knowingly and with intent to deceive, made false and misleading material representations of existing fact to Microsoft, and knowingly omitted material facts which were required to make their representations truthful, intending that Microsoft would rely upon them to enter into the AER Agreement. Microsoft was unaware of the falsity of these representations, and rightfully relied on these representations in entering into the aforementioned agreements, and providing software to defendants.

51. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

52. Defendants' actions entitle Microsoft to rescission of the AER Agreement, to damages, to the return of all software provided to defendants, to restitution for the value of such software that is not returned, and to disgorgement of all proceeds obtained through or as a result of defendants' unauthorized sale or transfer of the software.

## SIXTH CLAIM FOR RELIEF

(Unjust Enrichment)

53. Microsoft realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 52 above.

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

54. Defendants have been unjustly enriched by their acts, and improperly and without right have obtained and profited from the sale of Microsoft's software.

55. As a result of defendants' actions, Microsoft has been damaged in an amount to be proven at trial.

56. Defendants' actions entitle Microsoft to the return of all software provided to defendants, to restitution for the value of such software that is not returned, and to disgorgement of all proceeds obtained through or as a result of defendants' unauthorized sale or transfer of the software.

## **PRAYER FOR RELIEF**

WHEREFORE, Microsoft respectfully requests that the Court enter judgment against Defendants, jointly and severally, as follows:

1. That the Court issue injunctive relief against defendants, and that defendants, their officers, agents, representatives, servants, employees, attorneys, successors and assignees, and all others in active concert or participation with defendants, be:

    a) enjoined and restrained from selling, transferring, or otherwise disposing of any software, products or materials provided to defendants under the Microsoft AER program;

    b) enjoined and restrained from enrolling in any Microsoft program in the future;

    c) required to account for all software, products or materials provided to defendants under the Microsoft AER program, to account for the sales and dispositions of such materials, and required to return all such materials to Microsoft; and

    d) required to make available to Microsoft all books and records relating to the sale or disposition of all software provided under the AER program.

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022

2. That the Court award Microsoft actual damages and restitution, in amount to be proven at trial;

3. That the Court require defendants to disgorge the proceeds obtained through or as a result of defendants' unauthorized sale or transfer of the property.

4. That the AER Agreement entered into by defendants be rescinded, and that defendants be required to account for all software, products or materials provided to defendants under the Microsoft AER program or any other Microsoft program, to account for the sales and dispositions of such materials, to return all such materials to Microsoft and to disgorge the proceeds obtained through or as a result of defendants' unauthorized sale or transfer of the property.

6. That the Court award Microsoft its attorneys' fees and costs incurred herein; and

7. That the Court grant Microsoft all other relief to which it is entitled and such other or additional relief as is just and proper.

DATED this 8th day of April, 2009.

K&L GATES LLP

By _____
David A. Bateman, WSBA # 14262
Attorneys for Plaintiff
MICROSOFT CORPORATION
925 Fourth Ave., Suite 2900
Seattle, Washington 98104
Tele: (206) 623-7580
Email: david.bateman@klgates.com

COMPLAINT FOR DAMAGES AND
EQUITABLE RELIEF - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: (206) 623-7580
FACSIMILE: (206) 623-7022