HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICROSOFT CORPORATION,

    Plaintiff,

v.

BINH "ERIC" MAI, et al.,

    Defendants.

CASE NO. C09-474RAJ

ORDER

## I. INTRODUCTION

This matter comes before the court on Defendants' motion to dismiss or transfer (Dkt. # 17). Neither party requested oral argument, and the court finds the motion suitable for disposition on parties' briefing and supporting evidence. For the reasons explained below, the court DENIES the motion (Dkt. # 17).

## II. BACKGROUND

Plaintiff Microsoft Corporation ("Microsoft") permits qualified educational users such as students, faculty, and school staff members to obtain special discounts on Academic Edition full packaged product ("FPP") versions of Microsoft software. The Academic Edition FPP is the same software as the regular retail version, but has an

ORDER – 1

1   Academic Edition label and a discounted price.

2   Microsoft distributes Academic Edition FPP only through authorized channels. One means of distribution is through software retailers qualified as Authorized Education Resellers ("AER"). Microsoft AERs are special trained and authorized to sell Academic Edition software only to qualified educational users, and they obtain Academic Edition FFP at a discounted price. In order to enroll in the AER program, retailers must agree to the Microsoft AER Agreement (the "AER Agreement") and other contracts, and provide certain identification and qualification data.

The AER Agreement requires that AERs validate and record proof that a purchaser is a qualified educational user, and limits the frequency of sales to any one purchaser. The AER Agreement prohibits the marketing of Academic Edition software to the general public. Under the AER Agreement, Microsoft is entitled to undertake periodic inspections of an AER's books and records to audit an AER's compliance with program requirements. In the event an AER distributes product to anyone other than qualified educational users or breaches the AER Agreement in any other way, the AER is required to "reimburse Microsoft for the different between the estimated retail prices for all AE Products so distributed and the estimated retail price for non-AE Product versions of the same product or license titles, without prejudice to any of Microsoft's other legal or equitable rights or remedies." Givarz Decl. (Dkt. # 2-2), Ex. 1 ¶ 8.

Defendant ATCCOMPUTERS.COM, LLC ("ATC Computers") applied for the AER program and entered into the AER Agreement in 2005. ATC Computers renewed the AER Agreement in succeeding years, most recently on November 11, 2008. After enrolling in the AER program, ATC Computers placed orders and obtained thousands of copies of Academic Edition FPP software.

Microsoft filed suit against ATC Computers and its individual corporate officers, alleging that the Defendants marketed Academic Edition FPP software to the general

ORDER – 2

public and other unqualified purchasers in violation of the AER Agreement. Microsoft also claims that the Defendants refused to allow Microsoft to access their books or records, or to audit their compliance with the AER requirements. The Defendants moved to dismiss for lack of personal jurisdiction or to, in the alternative, transfer venue to the Southern District of California. Microsoft opposed the motion, and the Defendants did not file a reply brief.

### III.  ANALYSIS

**A.  Legal Standards on Jurisdiction and Venue.**

**1.  Personal Jurisdiction Over Non-Resident Defendants.**

To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction: the complaint's undisputed factual allegations, as well as any evidence offered by the plaintiff, must be accepted as true. *See Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995); *Harris Rutsky & Co. Ins. Servs., Inc. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1129 (9th Cir. 2003). A court has personal jurisdiction over a non-resident defendant if the defendant has either a continuous and systematic presence in the forum state, or has minimum contacts with the forum state such that exercising jurisdiction would not "offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Parties may also consent to the personal jurisdiction of a court in a contractual provision. If a defendant consents to personal jurisdiction, then the court need not conduct a continuous presence or minimum contacts analysis. *See Zenger-Miller, Inc. v. Training Team, GmbH*, 757 F. Supp. 1062, 1069 (N.D. Cal. 1991).

**2.  Determining Proper Venue Under 28 U.S.C. § 1391(a).**

In a civil action based on diversity jurisdiction, the lawsuit "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant

ORDER – 3

resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a).

Parties may also include a forum-selection clause in a contract, whereby they designate a particular forum where litigation related to the contract must originate. In a case based on diversity jurisdiction, the Ninth Circuit applies federal law to determine whether a forum-selection clause is valid. *See Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 513 (9th Cir. 1988). Forum-selection clauses are presumed valid under federal law, unless enforcement would be clearly "unreasonable and unjust, or the clause was invalid for such reasons as fraud or overreaching." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972).

### 3.  "Convenience" Transfers Under 28 U.S.C. § 1404(a).

If venue is proper in the district where the action is pending, the court nonetheless has discretion to transfer the action to any other district where it might have been brought, "[f]or the convenience of parties and witnesses." 28 U.S.C.§ 1404(a). With regard to weighing the inconvenience of the plaintiff's choice of forum, the court may consider: (1) the location where any relevant agreements were negotiated or executed, (2) the state most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the parties' contacts with the forum, (5) the connection between the plaintiff's cause of action and the chosen forum, (6) the differences in the cost of litigation in the two forums, (7) the availability of compulsory process to compel attendance of witnesses, and (8) the relative ease of access to proof. *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). A forum-selection clause is also a "significant" factor in a court's

ORDER – 4

Section 1404(a) analysis. *Id.* at 499. The defendant bears the burden to "make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

**B.   The Defendants Consented to Personal Jurisdiction and Venue in This District.**

The Defendants' motion to dismiss contains two sentences explaining why the court lacks personal jurisdiction: "The averments in the complaint and evidence proffered by plaintiff do not establish that this district court has personal jurisdiction over the defendants. Even if ATC has marketed or done business in Washington, the owners of the corporation have not." Defs.' Mot. (Dkt. # 17) at 4. The Defendants further contest venue in this court, contending that venue does not lie in this district, or that, in the alternative, the case should be transferred for the convenience of the parties.

Microsoft points to four bases for the court's exercise of personal jurisdiction: (1) the Defendants' consent to personal jurisdiction in two agreements related to the alleged fraudulent scheme; (2) the Defendants' sales of Academic Edition FPP software to Washington residents; (3) the Defendants' use of Washington computers and systems in furtherance of the scheme; and (4) the Defendants' allegedly fraudulent statements made to Microsoft with the intent that Microsoft would rely on the statements and suffer harm in Washington.

With regard to Microsoft's first argument, Microsoft has submitted two contracts in which the Defendants consented to personal jurisdiction and venue in this court. The Microsoft Service Agreement, which is the first contract Defendants entered into with Microsoft, provides:

> You and we irrevocably consent to the exclusive jurisdiction and venue of the state or federal courts in King County, Washington, USA for all disputes arising out of or relating to this contract.

ORDER – 5

Givarz Decl. (Dkt. # 27), Ex. 1 at ¶ 29(a). In a second contract, the Microsoft Partner Program Legal Agreement, the Defendants agreed:

> The parties consent to exclusive jurisdiction and venue in the courts sitting in King County, Washington.

*Id.*, Ex. 2 at ¶ 15.1. These contracts are precursor agreements to the AER Agreement; the Defendants were required to execute these contracts before they could enroll in the AER program. *Id.* ¶¶ 4-6.

Forum-selection clauses are "prima facie valid and should not be set aside unless the party challenging enforcement of such a provision can show it is '"unreasonable"' under the circumstances.'" *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996) (quoting *Bremen*, 407 U.S. at 10). The party challenging enforcement bears "'the heavy burden of showing that trial in the chosen forum would be so difficult and inconvenient that the party would effectively be denied a meaningful day in court.'" *Argueta*, 87 F.3d at 325 (quoting *Pelleport Investors, Inc. v. Budco Quality Theatres, Inc.*, 741 F.2d 273, 281 (9th Cir. 1984)).

The Defendants have not addressed the two forum-selection clauses cited by Microsoft. The Defendants do mention that the AER Agreement itself does not specify a forum, but did not file any reply brief to Microsoft's Opposition identifying the two precursor contract clauses in which the Defendants consented to personal jurisdiction and venue. The Defendants have not argued that the precursor contracts are not related to this litigation, or contradicted Microsoft's evidence that the precursor contracts were prerequisites to entering the AER Agreement.

Because the Defendants have not addressed the contract provisions by which they consented to personal jurisdiction and venue in this court, the court has no basis to find that they have met their burden to show that enforcement of those provisions would be unreasonable. The court therefore finds that the Defendants at least twice consented to

ORDER – 6

the personal jurisdiction of this court, and therefore need not analyze whether the Defendants also have a continuous presence in or minimum contacts with Washington. *See Zenger-Miller*, 757 F. Supp. at 1069. Because the Defendants have not challenged the enforcement of the two forum-selection clauses, the court also presumes that the clauses identifying this district as a proper forum are valid.

**C.    The Defendants Have Not Shown That a Convenience Transfer is Warranted.**

The Defendants contend that even if venue was proper in this district, the court should nonetheless transfer this case to the Southern District of California for the Defendants' convenience. The Defendants do not identify any of the *Jones* factors specifically, but generally contend that because the Defendants and potential witnesses reside in California, and have less financial resources than Microsoft, a transfer would serve the convenience of the Defendants and would further the interests of justice.

Microsoft notes that the Defendants did not submit any evidence to support their motion, and this fact is particularly relevant with regard to their contentions about the location of parties or witnesses. Microsoft instead established that every non-party witness identified at this point is located outside the Southern District of California. *See* Pltf.'s Opp'n at 15 (citing multiple declarations and exhibits Microsoft has filed in this case). There is also some question as to the location of the Defendants themselves, given that the ATC Computers headquarters was apparently abandoned at the time Microsoft attempted to conduct an audit. *See* Pltf.'s Mot. (Dkt. # 2). Thus, the Defendants have not shown that the Southern District of California would be more convenient for either the Defendants or witnesses.

Applying the *Jones* factors under the facts of this case, the court finds that most of the *Jones* factors weigh against transfer. The first and second factors weigh against transfer because the relevant agreements were executed in Washington and are governed by Washington law. *See* Givarz Decl. (Dkt. # 27), Ex. 1 ¶ 29, Ex. 2 ¶ 15.1. The third

ORDER – 7

1  factor weighs heavily against transfer because Microsoft's choice of forum is its home
2  forum. *See Sec. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985)
3  (holding that a plaintiff's choice of forum is rarely disturbed); *cf. Bryant v. ITT Corp.*, 48
4  F. Supp. 2d 829, 832 (N.D. Ill. 1999) (holding that the plaintiff's chosen forum is given
5  less deference if it is not the plaintiff's home forum). The fourth and fifth factors weigh
6  against transfer, because the Defendants used Washington computers to execute the
7  relevant agreements and sold a substantial amount of Microsoft products to Washington
8  residents. The sixth factor is at best neutral to transfer, because the Defendants have not
9  shown that it would cause serious financial hardship for them to litigate in the Western
10 District of Washington. The seventh and eighth factors weigh against transfer because
11 the Defendants have not shown that the majority of witnesses and other sources of proof
12 are located in California (and Microsoft has shown that they are not located in
13 California). Furthermore, in addition to the *Jones* factors, the presumptively valid forum-
14 selection clauses discussed above is a significant factor weighing against transfer.

For these reasons, the court finds that the Defendants have not met their burden to show that there is a clear balance of inconvenience against them to litigate in this district. The court has no basis to conclude that a transfer would serve the interests of justice, and therefore denies the Defendants' motion to transfer venue under Section 1404(a).

### IV. CONCLUSION

For the reasons stated above, the court DENIES Defendants' motion (Dkt. # 17).

DATED this 2nd day of November, 2009.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

ORDER – 8